AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of New Mexico ▼

**FILED**
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
)  Case No. **22 MR 1672**
The Person of Jerome ARCHULETA YOB 1980 )
)
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A (incorporated by reference).

located in the _____ District of ____New Mexico____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B (incorporated by reference).

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| See attached Affidavit | See attached Affidavit |

The application is based on these facts:
Please see the attached Affidavit of ATF Special Agent Amber Pace, which is incorporated by reference.

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Amber Pace, ATF Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ____telephonically sworn and electronically signed____ *(specify reliable electronic means)*.

Date: November 7, 2022

*Judge's signature*

City and state: Albuquerque, New Mexico    Hon. Jerry H. Ritter, United States Magistrate Judge
*Printed name and title*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

IN THE MATTER OF THE SEARCH OF:

The Person of Jerome ARCHULETA (YOB 1980)     Case No.

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

1.  I, Amber M. Pace, Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), being duly sworn, depose and state:

### INTRODUCTION AND AGENT BACKGROUND

2.  I am an ATF Special Agent ("SA"). I have been employed with ATF since August of 2020. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am an officer of the United States who is empowered by law to conduct investigations and make arrests for the offenses enumerated in Title 18, 21, and 26 of the United States Code.

3.  Through the ATF, I attended the Criminal Investigator Training Program at the Federal Law Enforcement Training Center, as well as the Special Agent Basic Training Program at the ATF National Academy. During these programs, I received instruction in and practiced the investigation of violations of federal firearms, explosives, and arson statutes. Prior to employment with ATF, I served for approximately eleven years as a state corrections officer and approximately two years as a federal deportation officer. My training includes, among other things: (1) the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the purchase, possession, distribution, and transportation of firearms and of the laundering and concealment of proceeds of firearms and drug trafficking; (2) surveillance; (3) analysis and processing of documentary, electronic, and physical evidence; (4) the legal and illegal purchase of

1

firearms; (5) the execution of arrest and search warrants seeking firearms and narcotics (6) and firearms trafficking.

4. As a result of my training and experience, my knowledge of this investigation, and based on my consultation with more experienced law enforcement officers, I know that convicted felons must not own, possess, or have access to firearms, ammunition, destructive devices, or dangerous weapons. I am also aware that when individuals handle and manipulate firearms, their DNA is often left behind and detectable by lab technicians.

5. Because this Affidavit is submitted for the limited purpose of seeking a search warrant, I have not set forth each and every fact learned during the course of this investigation. I have set forth only the facts that I believe are necessary to establish probable cause.

## IDENTIFICATION OF THE INDIVIDUAL TO BE SEARCHED

6. The individual to be searched is Jerome ARCHULETA, YOB 1980. He is further described as a white male, approximately 5'06" tall and 200 pounds in weight.

7. This warrant would authorize buccal swabs from ARCHULETA by way of oral swabs, which will be forwarded to a law enforcement forensic laboratory for DNA analysis and comparison. Based on the following information, I believe there is cause to believe that ARCHULETA violated 18 U.S.C. § 922(g)(1) (felon in possession of a firearm and ammunition).

8. ARCHULETA is presently in custody at the Cibola County Correctional Center ("CCCC") pending a federal charge of felon in possession of a firearm (*see* 22-MJ-1582).

## SUMMARY OF PROBABLE CAUSE

9. On September 20, 2022, Jerome ARCHULETA was taken into local custody following reports from witnesses that ARCHULETA discharged a firearm, believed to be a shotgun, from his residence at their vehicle in Espanola, New Mexico during a domestic dispute. At the time ARCHULETA discharged the firearm, the vehicle was occupied by two adults and two infant children. Witnesses observed ARCHULETA holding the firearm.

10. Officers arrived on scene and observed ARCHULETA exit the residence after several minutes of talking with him via telephone. Prior to obtaining a search warrant for the residence, ARCHULETA granted permission for the officers to conduct a walkthrough of his residence after confirming that he lived there. ARCHULETA walked through the residence with officers and pointed out renovations he was working on as well showed officers where his bedroom was.

11. A search of ARCHULETA's residence on the same date, pursuant to a duly authorized state search warrant, yielded one box of four 12-gauge shotgun shells, two spent shotgun hulls, two Winchester 12-gauge shotgun shells and one shotgun. The two spent shotgun hulls were recovered from the porch of the residence, corroborating the witnesses' statements about the shooting. The shotgun was recovered inside the residence in a hole in the floor where the drier hose fed into. ARCHULETA was the sole occupant of the residence at the time of the search. The evidence items were photographed, secured and entered into New Mexico State Police custody until being transferred to ATF custody at a later date. At the time of collection and when the firearm was submitted for the National Integrated Ballistic Information Network (NIBIN), Your Affiant and the collecting officer wore gloves. Therefore, the firearm is believed to contain DNA belonging to ARCHULETA.

12. Your Affiant examined the firearm and rounds of ammunition recovered in ARCHULETA's residence. Your Affiant identified the rounds of ammunition as two rounds of Winchester 12-gauge shotgun shells, one spent Federal shotgun hull, one spent Winchester shotgun hull, and one box of four Huntego brand 12-gauge shotgun shells. Your Affiant identified the firearm as a Maverick, model 88, 12-gauge shotgun bearing serial number MV72840L.

13. Your Affiant reviewed law enforcement and online court databases and determined ARCHULETA has been convicted of the following felony offenses: burglary in case number D-117-CR-1999-00919, in the 1st Judicial District of New Mexico; aggravated battery on a household member in case number D-117-CR-2002-00760, in the 1st Judicial District of New Mexico; kidnapping in case number D-117-CR-2002-01073, in the 1st Judicial District of New Mexico; receiving or transferring a stolen vehicle in case number D-905-CR-2006-00870, in the 9th Judicial District of New Mexico; and shoplifting in case number D-101-CR-2013-00526, in the 1st Judicial District of New Mexico. ARCHULETA was sentenced in excess of one year incarceration in at least one of the offenses, including a three-year sentence on the aggravated battery case. Therefore, I have probable cause to believe that ARCHULETA knew he had been convicted of an offense carrying over one year incarceration.

14. Your Affiant consulted with an ATF Special Agent that has received training in determining the interstate nexus of firearms and ammunition. Based on their training, knowledge, and experience, agents determined that the above-described firearm and rounds of ammunition were not manufactured in the state of New Mexico and therefore traveled in interstate commerce prior to their arrival in New Mexico.

15. Furthermore, I know it is common for an individual's DNA to be transferred to items handled by that individual; in this case, the item is a firearm. Based upon these facts, I

4

respectfully request that a search warrant be issued for ARCHULETA to collect two (2) samples of buccal cells for forensic analysis and for use as evidence in court as I opine there is probable cause to believe that ARCHULETA violated 18 U.S.C. § 922(g)(1) (felon in possession of a firearm and ammunition).

## MANNER OF COLLECTION

16. Based on my training and experience, I know the buccal swab samples from ARCHULETA can, and will, be obtained pursuant to approved medical procedures, without unnecessary discomfort to ARCHULETA, in private, and under circumstances where he will feel little or no pain or embarrassment. Should ARCHULETA refuse to cooperate in the collection process, I respectfully request authorization to utilize reasonable force in obtaining buccal swabs from him.

## CONCLUSION

17. Based on the facts outlined above, I submit there is probable cause to believe Jerome ARCHULETA unlawfully possessed a firearm and that his DNA will be found on that firearm, as well as other items of evidence that have already been lawfully seized. Therefore, I respectfully request that the Court issue a search warrant authorizing the collection of buccal cells from Jerome ARCHULETA for the purpose of conducting forensic analysis.

18. This search warrant affidavit was reviewed and approved by Assistant United States Attorney Eva Fontanez.

Respectfully submitted,

_____
Amber M. Pace
ATF Special Agent


Subscribed and sworn to telephonically and submitted electronically on November 7, 2022:


_____
THE HONORABLE ~~JOHN F. ROBBENHAAR~~   JERRY H. RITTER
United States Magistrate Judge

## ATTACHMENT A

## PERSON TO BE SEARCHED:

The Body of Jerome ARCHULETA (YOB 1980)

## ATTACHMENT B

## ITEMS TO BE SEIZED:

Agents will collect DNA of ARCHULETA by way of buccal swabs.